UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONALD RAY SMITH (#429663)**

**VERSUS**

**ELAYN HUNT CORRECTIONAL CENTER, ET AL.**

**CIVIL ACTION**

**NO. 16-457-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 28, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DONALD RAY SMITH (#429663)

CIVIL ACTION

VERSUS

NO. 16-457-JWD-RLB

ELAYN HUNT CORRECTIONAL CENTER, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the B.B. Sixty Rayburn Correctional Center, Angie Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Elayn Hunt Correctional Center ("EHCC"), the Department of Public Safety and Corrections, and Sgt. Shadd Chatellier complaining that his constitutional rights were violated by the use of excessive force. He prays for monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint: On September 15, 2015, while waiting to be transported to the infirmary for treatment of his bleeding ulcer, the plaintiff requested to use the restroom. The tier sergeant instructed the plaintiff stand by the wall until the sergeant returned to let the plaintiff into his cell to use the restroom. While the plaintiff was standing near the wall, he was approached by Sgt. Shadd Chatellier. The plaintiff informed Sgt. Chatellier that had been instructed to wait near the wall so that he could be taken to the restroom. Sgt. Chatellier then approached the plaintiff, and took hold of his waist chain and began "man-handling" the plaintiff by "throwing him" around. There is no allegation that the plaintiff was ever struck by anyone, that he made contact with anything (such as a wall or floor), or that he was harmed in any way. Viewing his allegations in the most favorable light, he has merely asserted that he was perhaps pushed or moved in a way that he found uncomfortable without any further consequence.

With regards to the plaintiff's request for injunctive relief, since the plaintiff has been transferred from EHCC, he is no longer subject to the care and control of the defendants. The United States Court of Appeals for the Fifth Circuit has clearly and repeatedly held that a transfer

from one facility to another generally renders moot any claims for injunctive relief with respect to an inmate' s prior facility.[1]

Turning to the plaintiff's request for monetary damages, the plaintiff's Complaint fails to state a federal constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from any lawsuit seeking monetary damages brought in federal court by her own citizens as well as by citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63, 677 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. *See Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976); *Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, *supra*. Thus, absent congressional action, or consent or waiver by the State, not here present, the State of Louisiana is immune from suit in this action. This shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state. *Anderson v. Phelps*, 655 F. Supp. 560 (M.D. La.1985).

As to the Elayn Hunt Correctional Center, the prison is not a person within the meaning of § 1983. *See Glenn v. Louisiana,* 2009 WL 382680, *2 (E.D. La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"); *Castillo v. Blanco,* 2007 WL 2264285, *4 (E.D. La., Aug. 1, 2007) (finding that a state prison is not a person within the meaning of § 1983).

---

[1] *See Harman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). *See also Kidd v. Livingston*, 463 F. App'x. 311, 314 (5th Cir. 2012); *Stern v. Hinds County, Mississippi*, 436 F. App'x. 381, 382 (5th Cir. 2001); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Davis v. Wall*, 50 F.3d 1033, *2 n. 3 (5th Cir. 1995).

Turning to the plaintiff's excessive force claim, use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."  *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."  *Wilkins v. Gaddy, supra*, 559 U.S. at 38.  Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances.  Other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response.  *Hudson v. McMillian, supra*, 503 U.S. at 7.

The plaintiff's Complaint is devoid of any allegations which would tend to show that force was applied maliciously and sadistically for the purpose of causing harm.  Rather, the plaintiff's allegations are vague and conclusory.  Additionally, the plaintiff does not allege any

degree of injury from the complained-of acts. As such, the plaintiff has failed to state an excessive force claim.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on June 28, 2017.

                **RICHARD L. BOURGEOIS, JR.**
                **UNITED STATES MAGISTRATE JUDGE**

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."